IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOO VOO TRUST AND HOLDINGS; DEANGELO M. SHERFIELD (TRUST); ICANDEE DEANGELO M. SHERFIELD (TRUST); and EAGLE LAKE ESTATES HOMEOWNERS,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST (BMO or BMI); SHEILA STINSON; BEAR AND TIMERLAKE P.C.; and BLAKE C. PARROTT,<br><br>    Defendants. | Case No. CIV-23-00632-JD |

**ORDER**

Plaintiffs Doo Voo Trust and Holdings, DeAngelo M. Sherfield (Trust), ICandee DeAngelo M. Sherfield (Trust), and Eagle Lake Estates Homeowners filed this civil action against Bank of the West (BMO or BMI), Sheila Stinson, Bear and Timerlake P.C., and Blake C. Parrott. DeAngelo M. Sherfield, signed as trustee, ("Sherfield") then filed an Application for Leave to Proceed *In Forma Pauperis* ("Application") on behalf of Plaintiffs. [Doc. No. 2]. The Court referred this action to United States Magistrate Judge Amanda Maxfield Green consistent with the provisions of 28 U.S.C. § 636. [Doc. No. 3].

Judge Green ordered Sherfield to cure deficiencies in the Application because the "'documentation [Sherfield] has provided does not indicate an inability to pay the required filing fee.'" [Doc. No. 4 at 2] (quoting *Raynor v. Wentz*, 357 F. App'x 968, 969

(10th Cir. 2009) (unpublished)). Specifically, Judge Green ordered Sherfield to provide the Court with sufficient information regarding his finances and update the Application to include whether he receives any income from the Cherokee Nation or otherwise, possesses any assets, and to provide details of both the type and amount of his monthly expenses and debts by August 16, 2023. *See id.* at 1–2. The record reflects that a copy of the order [Doc. No. 4] was mailed to Sherfield. Plaintiffs failed to respond before the deadline.

When Plaintiffs did not timely supplement the Application in accordance with the order at [Doc. No. 4], Judge Green issued a Report and Recommendation ("R. & R."), recommending denial of Sherfield's Application. *See* [Doc. No. 5]. Judge Green explained that Plaintiffs had the right to object and that failure to object would waive the right to appellate review of factual and legal issues contained in the R. & R. *Id.* at 3.

Plaintiffs were ordered to cure the Application on or before August 16, 2023. [Doc. No. 4 at 2]. Plaintiffs did not file an objection to the R. & R., but filed Supplemental Documents for Relief ("Supplement"). [Doc. No. 6].

Although Plaintiffs did not timely cure the Application or file an objection to the R. & R., liberally construing the pro se filings, the Court will nonetheless consider the Supplement, which was filed within the time reserved for objections to the R. & R. and conduct a de novo review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (failure to timely object to report and recommendation risks "firm waiver" of appellate review); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.").

Upon de novo review, the Supplement does not cure the deficiencies outlined in Judge Green's prior order. It contains "no information that would allow [the Court] to properly review Plaintiff's expenses and income." *Raynor*, 357 F. App'x at 969; *see also* 28 U.S.C. § 1915(a)(1); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (concluding that the district court did not abuse its discretion in denying *in forma pauperis* status to the plaintiff where plaintiff was instructed on how to establish indigent status and "failed to fill out the proper forms or to otherwise provide the district court with the requisite information"). More than sufficient time has passed for Plaintiffs to supplement or request to supplement the record with the requisite financial information. And nothing has been filed since the Supplement.

Therefore, the Court **ACCEPTS** and **ADOPTS** the R. & R. [Doc. No. 5] for the reasons stated therein. Plaintiffs' Application for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is **DENIED**. The Court **ORDERS** Plaintiffs to pay the full filing fee by **July 29, 2024**.[1] Unless Plaintiffs pay the full filing fee by **July 29, 2024**, the Court will dismiss this action without prejudice to refiling.

Additionally, the Court notes that the Complaint is signed by Sherfield as trustee [Doc. No. 1 at 5], and Mr. Sherfield does not appear to be a licensed attorney in Oklahoma or in this district. Although Mr. Sherfield can represent himself pro se, he cannot represent trusts or any other business entity in civil cases in this Court, and all

---

[1] As of December 1, 2023, the filing fee for a civil case in district court is $350.00 plus the $55.00 administrative fee, so a total filing fee of $405.00. *See* 28 U.S.C. § 1914.

Plaintiffs appear to be trusts or business entities based on the Complaint. *See* [Doc. No. 1 at 1].

The United States Court of Appeals for the Tenth Circuit, which is the appellate court providing case law that binds this district court, requires entities, including trusts, to be represented by licensed counsel. *See, e.g.*, *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (explaining that "[a]lthough individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel"); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (noting the "long-standing rule that a corporation must be represented by an attorney to appear in federal court"); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 557–58 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). This district also has a Local Civil Rule that prevents parties from appearing pro se on behalf of entities. *See* LCvR17.1 ("Parties who are not natural persons may not appear pro se). This district also has Local Civil Rules governing attorneys who do not reside in Oklahoma or who are not members of the bar of this district. *See, e.g.*, LCvR83.2(g); LCvR83.3(a).

Accordingly, assuming Plaintiffs pay the filing fee within the deadline set forth above, the Court also **ORDERS** Plaintiffs to either (1) show cause no later than **July 29, 2024**, why this action should not be dismissed because of lack of representation of the trusts and business entity plaintiffs, or (2) have licensed counsel enter appearances for trusts and business entities by **July 29, 2024**, in compliance with the Local Civil Rules.

*See* LCvR83.2(g); LCvR83.3(a).

Failure to abide by the Court's Order and the Federal and Local Civil Rules will result in the dismissal of this action without prejudice to refiling and without further warning by the Court.

IT IS SO ORDERED this 15th day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE